KRAJEWSKI *v.* WESTERN & SOUTHERN LIFE INSURANCE CO.

1. INSURANCE—PAYMENT OF PREMIUM—WEIGHT OF EVIDENCE.
   In an action on a life insurance policy, where the insurer pleaded lapse of policy for nonpayment of premium, the finding of the jury that the premium was paid, *held*, not against the weight of the evidence.

[1] Life Insurance, 37 C. J. § 440.

2. SAME—EVIDENCE—ADMISSIONS OF BENEFICIARY ADMISSIBLE TO SHOW REPRESENTATIONS OF APPLICANT FALSE.

In an action on an insurance policy by the beneficiary, the falsity of a representation made by the insured in procuring the policy may be shown by admissions of the beneficiary.

3. EVIDENCE — EXCESSIVE USE OF STIMULANTS — ALLEGATIONS IN WIFE'S DIVORCE BILL ADMISSIBLE AS ADMISSIONS.

In an action by a wife as beneficiary in her former husband's life insurance policy, where the defense was that it was fraudulently procured by false representations in the application that applicant had not used stimulants to excess, allegations by her in her sworn bill for divorce that insured was frequently in an intoxicated condition were admissible in evidence as admissions against her.

4. SAME—EXPLANATIONS OF ADMISSIONS PERMISSIBLE—ONE CHOOSING INTERPRETER MAKES LANGUAGE OF INTERPRETER HIS OWN.

While the wife had a right to explain said admissions, she may not place the blame on an interpreter of her own selection, now dead, through whom she communicated with her attorney, since those who choose to communicate through an interpreter may not complain if the language of the interpreter is taken as their own.

5. INSURANCE—FALSE REPRESENTATION AS TO EXCESSIVE USE OF STIMULANTS MATERIAL.

A representation in an application for a life insurance policy that applicant had not used stimulants to excess was material to the acceptance of the risk and the hazard assumed, and, if false, voided the policy.

6. SAME — FALSITY OF REPRESENTATION QUESTION OF FACT — MATERIALITY, IF FALSE, QUESTION OF LAW.

Whether a representation by an applicant for a life insurance policy that he had never used stimulants to excess was false was a question of fact for the jury, under conflicting evidence; but where it was false, the materiality thereof was a question of law for the court.

7. SAME—INSTRUCTIONS—TRIAL—EXCESSIVE USE OF STIMULANTS.

Where the defense to 'an action on a life insurance policy was that insured had falsely represented that he had not

[2]Insurance, 33 C. J. § 841; Life Insurance, 37 C. J. § 425 (Anno); [3]Evidence, 22 C. J. § 372; Life Insurance, 37 C. J. § 425 (Anno); [4]Evidence, 22 C. J. §§ 335, 506; 10 R. C. L. 931; 6 R. C. L. Supp. 629; [5]Life Insurance, 37 C. J. § 176; [6]Id., 37 C. J. § 447; 26 A. L. R. 1279; 14 R. C. L. 1078; 5 R. C. L. Supp. 795; [7]Id., 37 C. J. § 452.

used stimulants to excess, and there was evidence to the effect that he had, the trial judge was in error in refusing to instruct the jury to find for defendant if they believed insured was addicted to the use of stimulants to excess.

8. SAME — MATERIALITY OF FALSE REPRESENTATION NOT A JURY QUESTION.

An instruction leaving to the jury the questions of the intent and materiality of a false representation that insured was not addicted to the excessive use of stimulants was error.

9. SAME — STATUTES — FRAUD OF APPLICANT NOT CONDONED BY STATUTE.

While section 17, subd. 4, chap. 2, pt. 3, Act No. 256, Pub. Acts 1917, saves policies of insurance from voidance for inadvertent mistakes and mere errors not materially affecting acceptance of the risk or hazard assumed by the insurer, it condones no fraud perpetrated by an applicant in making false representations inducing acceptance of the risk.

Error to Wayne; Dingeman (Harry J.), J. Submitted October 14, 1927. (Docket No. 85.) Decided January 3, 1928.

Assumpsit by Alice Krajewski against the Western & Southern Life Insurance Company on a policy of insurance. Judgment for plaintiff. Defendant brings error. Reversed.

*Cavanaugh & Burke (Henry C. Bogle, of counsel), for appellant.*

*Harry J. Lippman, for appellee.*

WIEST, J. Plaintiff, beneficiary under a policy of life insurance issued by defendant to John Krajewski (her then husband) in May, 1923, had judgment in the circuit and defendant reviews by writ of error.

Defendant pleaded lapse of the policy for nonpay-

⁸Life Insurance, 37 C. J. §§ 447, 452; Trial, 38 Cyc. p. 1511; ⁹Life Insurance, 37 C. J. § 170.

ment of premium and fraud perpetrated by a false representation in its procurement.  The jury found the premium was paid, and we cannot hold the verdict on that question against the weight of evidence.

In the application for the policy Krajewski stated that he had not at any time used stimulants to excess. This representation, it was claimed by defendant, was material and false.  Plaintiff claimed it was true. The policy was dated May 16, 1923.  The insured died December 13, 1923; cause of death given in the coroner's certificate, "acute dilatation of the heart." There was no autopsy.  As evidence that the insured used stimulants to excess, there was introduced at the trial a sworn bill for divorce, filed by plaintiff against the insured 21 days after the policy was issued.  In that bill plaintiff alleged that:

\*  \*  \*  "He also during the greater portion of the married life of the parties hereto having indulged in intoxicating liquors to excess, your plaintiff showing that hardly a week has past (passed) during the past five years or more of her life with said defendant herein, that he has not become grossly intoxicated, \*  \*  \*.

"New Year's Eve, 1923, the said defendant returned to his home in a drunken and stupified condition, together with a police officer, \*  \*  \*.

"Your plaintiff further shows that said defendant herein at the date hereof and for some time in the past has been engaged in an employment at the Ford Motor Company, he for considerable time past and regularly pay days taking his money and visiting saloons and cafes with his boon companions, \*  \*  \* he almost regularly on each pay day returning to his home at the hour of midnight or early hours of the morning in a drunken and intoxicated condition, and with funds almost exhausted."

June 13, 1923, in the divorce case, plaintiff filed a verified petition for temporary alimony in which she stated:

"Deponent further says that since service of said

summons and injunction as aforesaid, said defendant herein has continued in an intoxicated condition."

Plaintiff testified at the trial that her husband was not a drunkard and did not use intoxicating liquors to excess, and claimed she gave the facts in her action for divorce to her attorney through an interpreter and made no claim that her husband was "a user of intoxicating liquor." The interpreter mentioned died before the trial. The bill for divorce also alleged extreme and repeated cruelty, and the decree was granted on that ground. The allegations of plaintiff in the divorce case were admissible against her in this suit upon the policy. In a suit on an insurance policy by the beneficiary the falsity of a representation made by the insured in procuring the policy may be shown by admissions of the beneficiary.

As stated in *Pope* v. *Allis,* 115 U. S. 363, 370 (6 Sup. Ct. 69) :

"When a bill or answer in equity or a pleading in an action at law is sworn to by the party, it is competent evidence against him in another suit as a solemn admission by him of the truth of the facts stated. *Studdy* v. *Sanders,* 2 D. & R. 347; *De Whelpdale* v. *Milburn,* 5 Price, 485; *Central Bridge* v. *Lowell,* 15 Gray (Mass.), 106; *Bliss* v. *Nichols,* 12 Allen (Mass.), 443; *Elliott* v. *Hayden,* 104 Mass. 180; *Cook* v. *Barr,* 44 N. Y. 156; Taylor on Evidence (7th Ed.), § 1753; Greenleaf, Evidence, §§ 552, 555."

See, also, *Behr* v. *Insurance Co.,* 4 Fed. 357, a case very much like the one at bar.

Such admissions "are received in evidence because of the great probability that a party would not admit or state anything against himself or his own interest unless it were true." *Cook* v. *Barr,* 44 N. Y. 156.

Plaintiff had a right to explain her claimed admissions, but when she placed the blame on an interpreter of her selection, and now dead, she en-

countered the salutary rule stated as follows in 10 R. C. L. p. 930:

"When two persons who speak different languages, and who cannot understand each other, converse through an interpreter, they adopt a mode of communication in which they assume that the interpreter is trustworthy, and each makes his language presumptively their own.    Each acts upon the theory that the interpretation is correct.    Each impliedly agrees that his language may be received through the interpreter. If nothing appears to show that their respective relations to the interpreter differ, they may be said to constitute him their joint agent to do for both that in which they have a joint interest.    They wish to communicate with each other, they choose a mode of communication, they enter into conversation, and the words of the interpreter, which are their necessary medium of communication, are adopted by both, and made a part of their conversation as much as those which fall from their own lips.    They cannot complain if the language of the interpreter is taken as their own by any one who is interested in the conversation."

The attorney, in preparing the bill for divorce, had a right to rely upon the words of the interpreter and it is inconceivable that the allegations in the bill, with their particularity of dates and circumstances, could have found their way therein without information furnished by plaintiff.    We have given attention to the question of whether the allegations in the bill for divorce were in the nature of substantive evidence, because if not such there was no defense.    The representation mentioned was material to the acceptance of the risk and the hazard assumed, and, if false, voided the policy.    Whether false was a question of fact for the jury.    If false the materiality thereof was a question of law for the court under the contract.    The court refused the following instruction:

"I  instruct  you  that  if  you  believe  from  a  pre-

241—Mich.—26.

ponderance of the evidence that at the time the policy in suit was issued, the insured, John Krajewski, was addicted to the use of stimulants to excess, then your verdict must be for the defendant, no cause of action."

The court instructed the jury:

"If you find that the answer of John Krajewski to that question, that is, the question that I have read to you, 'Have you at any time used stimulants to excess?' If you find that the answer of John Krajewski to that question was false and you further find from the evidence that it was made with actual intent to deceive or if you find that it was false and that it materially affected either the acceptance of the risk or the hazard assumed by the company, then your verdict will be for the defendant, no cause of action. On the other hand, if you are not convinced by a preponderance of the evidence that the answer to that question was false or if you are convinced that it was false, but that it was not made with the actual intent to deceive, or being false, that it was not material to the acceptance of the risk or the hazard assumed by the company, then your verdict will be for the plaintiff."

The court was in error in refusing the requested instruction and also in the instruction given.

Counsel for plaintiff thinks the instruction to the jury in accord with section 17, subdivision 4, chap. 2, pt. 3, Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100 [161]). That statute provides:

"The falsity of any statement in the application for any policy covered by this chapter shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

It will be noted that this statute permits voidance of a policy, in case of a false statement, for any one of three reasons: (1) If made with actual intent to deceive; (2) if it materially affected the acceptance of the risk; (3) if it materially affected the hazard

assumed by the insurer. The statute does not bar right to contract that a representation shall guide acceptance and assumption of the risk.

In *Leach* v. *Insurance Co.,* 239 Mich. 10, we held that an insurance company could, of right, make such statements material in its contract, and quoted with approval the following from *Bonewell* v. *Insurance Co.,* 160 Mich. 137:

"These questions may or may not be of importance to insurance companies. They certainly have the right to make them material. In all lines of insurance the moral risk involved is regarded as of very great importance, and it cannot be said that an insurance company has not the right by its contract to make the questions which are here adverted to essential."

If the statement was false the applicant for the insurance was well aware of its falsity, and if he stated the opposite of the truth there was an actual intent to deceive. The insurer had a right to know, upon the question of acceptance of the risk, whether the applicant was addicted to the excessive use of intoxicating liquors. If the insured was an habitual drunkard or addicted to the use of intoxicating liquors to excess his habit materially affected the hazard assumed by the insurer. The statute invoked by plaintiff condones no fraud perpetrated by an applicant in obtaining insurance and whitens no lies inducing acceptance of the risk. The statute does save policies of insurance from voidance for inadvertent mistakes and mere errors not materially affecting acceptance of the risk or hazard assumed by the insurer.

For the error pointed out the judgment is reversed and a new trial granted, with costs to defendant.

FLANNIGAN, C. J., and FELLOWS, CLARK, McDONALD, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.