AGNES DOLINSKI, PLAINTIFF-APPELLEE, v. JOHN HAN-
COCK MUTUAL LIFE INSURANCE COMPANY, A COR-
PORATION, DEFENDANT-APPELLANT.

Submitted January 18, 1938—Decided May 17, 1938.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-appellee, *William H. J. Ely* (*C. Conrad
Schneider,* of counsel).

For the defendant-appellant, *Drewen & Nugent* (*John
Drewen,* of counsel).

The opinion of the court was delivered by

PORTER, J. The plaintiff is the named beneficiary in a policy of insurance issued by the defendant on the life of Stanislaw Slomienski, her father. The policy was issued on December 16th, 1936, and provided for the payment to the plaintiff of the sum of $350 upon satisfactory proof of the death of the insured. He died on February 24th, 1937. This action is to recover the sum claimed to be due under the policy.

The trial court sitting without a jury found for the plaintiff for the amount claimed, and from that judgment the defendant appeals.

It appears that there was in existence another policy of the defendant on the life of Slomienski which had been issued some years previously. The plaintiff was also named as beneficiary in that earlier policy. The premiums on the policy had not been paid and it had lapsed on February 12th, 1936. The weekly premium of the first policy was seventy-five cents per week, and on the second policy fifty cents per week. It does not appear in what amount the first policy was written. Notwithstanding the lapsing of the first policy, it had certain extended period of coverage, and had certain cash surrender value.

Under date of November 27th, 1936, the plaintiff wrote the defendant asking for payment of the cash surrender value of the first policy, *Exhibit D-5*. In pursuance therewith the defendant issued its check to plaintiff for the sum of $101.10 under date of December 8th, 1936, *Exhibit D-3*, and received her receipt therefor, dated December 1st, 1936, which was also signed by the insured.

Under date of December 7th, 1936, the application was signed by Slomienski for the new policy which was issued December 16th, 1936. In that application representation is made that the applicant was: (1) in sound health, (2) that he was free from all physical defects and infirmities, (3) that he had not, within the five years previous thereto, had any sickness, injury or surgical operation, and (4) that he had not, within the previous five years, received treatment in any

hospital, dispensary, sanitorium or other institution. The applicant certified that the representations were true, and made for the purpose of inducing the defendant to issue the contract of insurance. This application was not attached to the policy nor therein referred to.

The defense offered in evidence this application to show that fraud was practiced in the procuring of the policy, claiming that untrue statements had been given as to the condition of health of the applicant.

The defense also offered in evidence, for the same purpose, testimony of the physician in Brooklyn taken *de bene esse* to show that he had been treating the insured for a serious heart condition which finally caused his death, and that such treatments had been given from September, 1936, until death, and that he had from the first treatment fully acquainted the patient and members of his family with the nature and seriousness of the disease.

This testimony was conditionally received and later rejected.

The apparent theory of the trial court in deciding the case was that it was the intention of the parties to continue insurance coverage on the life of the insured, and to substitute the new policy for a lesser amount for the older policy and at lower cost, that it was all one inseparable transaction, and that the agent represented the defendant with full authority to consummate the entire transaction. Consequently, the condition of health of the insured at the time of the issuing of the policy or representation made by the insured at that time were immaterial and irrelevant.

In that view we do not concur.

The undisputed fact is that the first policy had lapsed. While under it the insured had certain rights of extension period coverage and cash surrender value, none the less, there appears in the case no evidence of any rights which the beneficiary, the plaintiff herein, was deprived of by the action of the agent, assuming it to be true that he so acted in inducing the insured and beneficiary in cancelling the contract and accepting the surrender value. He could not have had the

policy reinstated for the reason that he could not have shown his insurability because of his then physical infirmity. Nor is there any evidence that the agent knew of the serious illness of the insured, and yet the finding in effect means that the court found that the agent was guilty of improper conduct, that he had taken advantage of the plaintiff, or the insured, or both of them—in other words, that he had acted fraudulently.

About the only matter in dispute between the plaintiff and the agent is as to whether the application was signed in the presence of the agent or not. He says that it was and that he filled in the answers to the questions therein at that time in the home of the plaintiff from information given him by the applicant. Whereas, the plaintiff and her husband say that the applicant was not present in the home of the plaintiff but that the application was signed by him in blank in Brooklyn and afterward filled in by the agent from information supplied by the plaintiff at her home. Assuming that the plaintiff is correct in that respect that does not make the application any the less a proper application nor is it any evidence of fraud on the part of the agent. Moreover, had the application been received in evidence, examination of it might have shown in greater detail and certainty the circumstances of its signing and preparation. That it was evidential on the material issue of fraud there can be no doubt. *Prudential Insurance Co.* v. *Niland,* 111 *N. J. Eq.* 347; *Brunjes* v. *Metropolitan Life Insurance Co.,* 91 *N. J. L.* 296; *Duff* v. *Prudential Insurance Co.,* 90 *Id.* 646.

The testimony of the physician was also clearly material and relevant on the issue of fraud.

It follows that the verdict must be reversed.