WESTERN & SOUTHERN LIFE INS. CO. v. OGRODNIK.

INSURANCE—MISREPRESENTATION IN APPLICATION FOR LIFE INSUR-
ANCE—CANCELLATION OF POLICY.

> Insurer under life insurance policy *held,* entitled to cancellation
> thereof where insured whose previous policy had lapsed made
> statement in application for new insurance policy that he had
> had no illness, disease or injury in the past three years, that
> he had never had heart or lung disease and was in sound health,
> whereas he had been treated for pleurisy, chronic myocarditis
> and cardiac decompensation within the past year and had been
> certified as unemployable for purposes of obtaining public
> relief funds and medical aid, notwithstanding insured died of
> pneumonia.

Appeal from Wayne; Campbell (Allan), J. Submitted June 15, 1939. (Docket No. 123, Calendar No. 40,601.) Decided September 5, 1939.

Bill by Western & Southern Life Insurance Company, an Ohio corporation, against Waleria Ogrodnik, special administratrix of the estate of John Ogrodnik, deceased, to cancel a life insurance policy, for an injunction and other relief. Decree for defendant. Plaintiff appeals. Reversed.

*Bodman, Longley, Bogle, Middleton & Farley,* for plaintiff.

*Berger, Manason & Barris, Arthur J. Rooks,* and *Isadore Berger,* for defendant.

POTTER, J. Plaintiff filed a bill to cancel a policy of insurance which it issued on the life of John

Ogrodnik, now deceased, upon the ground he made false and untrue statements in relation to material facts with the intent to deceive plaintiff in relation to his health and habits of life and medical history, tendering the amount of premiums which had been paid upon the policy to defendant, the special administratrix of deceased.

March 16, 1936, the policy of insurance was issued. John Ogrodnik died October 24, 1936. The application for insurance was made March 12, 1936, four days before the policy was issued. The policy was for the sum of $500. The insured had had a previous policy in plaintiff company which had lapsed and a new policy was issued.

Assured had been on relief, doing W. P. A. work, and the doctor employed by the Wayne county relief commission as supervising physician produced the records of that department. Mary Fryling, a case worker with the Hamtramck welfare office, produced the records and files of that office which showed a statement signed by Dr. Skryzski under date of July 12, 1935, and a statement signed by Dr. Podezwa under date of November 1, 1935; a record under date of October 30, 1935, that the insured said he was being taken care of by Dr. Dan Gordon; that July 12, 1935, the insured was in the office for medical care of himself, and again on August 16, 1935, and again December 6, 1935, and again December 9, 1935, and again on January 7, 1936, and again on March 11, 1936, in each case for the purpose of procuring medical care for himself.

In his application, deceased stated he had had no illness, disease or injury in the past three years; that he had never had heart disease or lung disease, and was in sound health. While he made these statements on March 12, 1936, the records indicate the day before he made the application he was in

the W. P. A. office asking for medical care from public relief agencies.

The reports of the two physicians, that of Dr. Skryzski presented to the welfare office by the insured and the report of the physical examination of the insured by the W. P. A. physician, together with the records of the welfare office as presented by Mary Fryling, were the basis of plaintiff's claim.

The report of Dr. Skryzski of June 12, 1935, indicated the insured had been receiving medical aid during the preceding two weeks for pleurisy. October 30, 1935, the insured furnished a statement signed by his own physician, Dr. Podezwa, dated November 1, 1935, showing insured had chronic myocarditis and cardiac decompensation and could not work. November 22, 1935, the insured, based upon the statement of Dr. Podezwa, was sent to the welfare physician who reported insured was unemployable. This testimony was not disputed.

In *Dolinski* v. *John Hancock Mutual Life Ins. Co.,* 120 N. J. Law, 271 (199 Atl. 394), the facts leading up to the issuance of the policy sued upon were similar to this case. There was judgment by the trial court for plaintiff. It was said:

"The apparent theory of the trial court in deciding the case was that it was the intention of the parties to continue insurance coverage on the life of the insured, and to substitute the new policy for a lesser amount for the older policy and at lower cost, that it was all one inseparable transaction, and that the agent represented the defendant with full authority to consummate the entire transaction. Consequently, the condition of health of the insured at the time of the issuing of the policy or representation made by the insured at that time were immaterial and irrelevant."

The Supreme Court did not concur with this view, but held (first Atlantic syllabus): "The two policies involved separate transactions and not a mere continuance of insurance coverage, so that representations made in application for second policy, as to health of insured, et cetera, were material in determining insurer's liability on second policy;" and that where the insured in his application for the second policy had represented he was in sound health when he in fact had been taking treatments from a physician for a heart ailment from which he died in a few months, the insurer was not liable on the second policy.

The proof here indicates the insured died of pneumonia and not from heart trouble.

The trial court dismissed plaintiff's bill of complaint but we think, in view of the fact the insured, the day before he made the application, obtained an order from the W. P. A. for free medical service by reason of his physical condition, he was not in sound health at the time he made the application and that he undoubtedly was suffering from chronic myocarditis at that time, though the insured died of pneumonia and not of heart disease, and that the representations made by the insured in his application were not true and by reason of such false representations plaintiff was induced to issue the policy which it probably would not have done had they not been made. *Bellestri-Fontana* v. *New York Life Ins. Co.*, 234 Mich. 424; *Krajewski* v. *Western & Southern Life Ins. Co.*, 241 Mich. 396; *Mutual Life Ins. Co. of New York* v. *Celeynse*, 241 Mich. 659 (56 A. L. R. 702); *New York Life Ins. Co.* v. *Bahadurian*, 252 Mich. 491; *Asposito* v. *Security Benefit Ass'n*, 258 Mich. 507; *Prudential Ins. Co. of America* v. *Ashe*, 266 Mich. 667; *Boran* v. *New York Life Ins. Co.*, 274 Mich. 638; *Metropolitan Life Ins. Co.* v.

*Jankowski*, 285 Mich. 291; *North American Life Assurance Co.* v. *Jones*, 287 Mich. 298.

Decree of the trial court dismissing plaintiff's bill of complaint is reversed, and a decree for plaintiff will be entered, with costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.