**FIDELITY & CASUALTY CO. OF NEW YORK v. GENOVA.**
No. 7200.

Circuit Court of Appeals, Sixth Circuit.
June 4, 1937.

---

William Howell, of Cleveland, Ohio (Howell, Roberts & Duncan, of Cleveland, Ohio, on the brief), for appellant.

M. C. Harrison, of Cleveland, Ohio (Alfred Lawrence, of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The statute of Ohio (G.C. § 9510-3 and section 9510-4) provides that if judgment in an action for personal injuries is not paid within thirty days after rendition, the judgment creditor may commence an action against the insurance company which had a policy with the defendant, and may pursue that company directly to the extent of its coverage.

Under this statute the appellant and Sam Mendise were sued in the state court by Genova, the appellee, who on December 12, 1928, had recovered a judgment against Mendise in the court of common pleas for Cuyahoga county for injuries received through the negligent operation of his auto-mobile, the judgment not being satisfied. The declaration alleged that at the time of the accident Mendise was insured against liability by a policy issued by the appellant, which, though in the name of his brother, Joe Mendise, had been reformed by a decree of the Court of Appeals of Cuyahoga county [1] so as to show that it was a contract with Sam Mendise, effective as of its date of issue. The cause was removed to the United States District Court, where upon verdict of the jury, judgment was had by Genova. The insurer after notice and severance alone appeals.

The appellant defended on the ground that at the time of the state court judgment it had no policy with Sam Mendise; that if it had it had not been notified of the accident and given an opportunity to defend as required by the policy; that the reformation decree is a nullity because, though Joe Mendise and Genova were indispensable parties to the proceeding, they had not been joined, and that both the judgment and the decree for reformation were ineffective to impose liability upon it because procured by fraud. Of the errors assigned, we think but two have been saved for review, there being no occasion to again demonstrate, either by reasoning or citation, the rule so often announced that general exceptions to rulings will not be considered.

The reformation proceeding was begun by Sam Mendise. The petition therein counted on a mistake in the issuance of a policy by the appellant upon a car belonging to Sam's brother, Joe Mendise, although the policy had been ordered and paid for by Sam. The mistake was due to the fact that both brothers had upon the same day purchased Jewett cars of identical model, and had ordered insurance from Durkin, a broker who represented not only the appellant but also another insurer. Both policies, one in each company, were issued for Joe's car, and none for Sam's. The mistake was not discovered until after the accident and the judgment. The appellant contends that without both Genova and Joe Mendise as parties to the suit, the reformation decree is not conclusive of the existence of a contract between it and Sam Mendise at the time of the accident.

In respect to the contention as to Joe Mendise, it is probably enough to say that no point was made of it in the trial

---

[1] No opinion for publication.

876

below, no ruling requested, and no question preserved for review. But even if so, there is doubtful merit in it. Joe Mendise was a witness for the plaintiff in the reformation proceeding. If he possessed any interest in the insurance contract that could be prejudiced by the decree, he disclaimed it, is not a party to the present case, or otherwise asserting title to the policy. As for Genova, while he was not a party of record to the reformation proceeding, it was conducted by him and for his benefit. In this situation he is clearly estopped from attacking the decree, and there was no error in receiving it in evidence, or in the instruction as to its conclusiveness. Beyer Company v. Fleischmann Co., 15 F.(2d) 465 (C.C.A.6); Reo Motor Car Co. v. Gear Grinding Machine Co., 42 F.(2d) 965 (C.C.A.6). Besides, section 11262, Ohio G. C., requires necessary parties to litigation to be brought in by supplementary process. The Ohio court not having required the presence of Genova, its jurisdiction without him must be assumed, and is not open to collateral attack. The appellant not having made him a party, though it had opportunity to do so, must be deemed to have waived any formal defect. Finally, there can be no reformation except of an existing contract, and the decree is an adjudication as to privity between appellant and Sam Mendise.

■■■ The issue of fraud was fairly submitted to the jury, and its finding thereon is conclusive. Complaint is made that the court required a higher standard of proof than legally necessary by instructing the jury that the burden was upon the defendant to establish fraud by clear and satisfactory evidence in order to defeat the plaintiff's recovery. There was no error in this instruction. Fraud is never presumed. It is an affirmative defense, to be established by clear and convincing proof rather than by mere preponderance of the evidence. We have recently had occasion to comment upon the measure of proof required to establish fraud. Equitable Life Assurance Soc. v. Johnson (C.C.A.) 81 F.(2d) 543. The rule is so well understood, and the grievance so without merit, that we do not consider whether the exception to the instruction taken after the jury had retired and earlier invitation to criticize the charge had remained unaccepted, came too late.

The judgment below is affirmed.