BELLESTRI-FONTANA *v.* NEW YORK LIFE INSURANCE CO.

1. INSURANCE—LIFE INSURANCE—LEGIBILITY OF COPY OF APPLICATION—OBVIOUS FACT PRESENTS NO QUESTION FOR JURY.

In an action on a policy of life insurance, where, pursuant to Comp. Laws Supp. 1922, § 9100 (147), a photographic copy of the application therefor attached to the

policy and submitted in evidence was clearly legible, in the absence of testimony tending to controvert such obvious fact, it was error to submit to the jury the question of legibility.[1]

2. SAME—CONCEALMENT OF MATERIAL FACT AVOIDS POLICY.

A representation by insured that he had not consulted a physician within five years was a concealment of a material fact under Comp. Laws Supp. 1922, § 9100 (161), where it was shown that he had consulted a physician about stomach trouble a few months before and had an X-ray of his stomach taken; since such false statement bore a direct relation to acceptance of the risk and the hazard assumed by the insurer.[2]

Error to Wayne; Miller (Guy A.), J. Submitted January 8, 1926. (Docket No. 82.) Decided April 14, 1926.

Assumpsit by Anna Bellestri-Fontana against the New York Life Insurance Company on a policy of insurance. Judgment for plaintiff. Defendant brings error. Reversed, and judgment ordered entered for defendant.

*Thomas A. E. Weadock,* for appellant.

*Harry C. Milligan* (*Roscoe C. Griffith,* of counsel), for appellee.

WIEST, J. In a written application for life insurance, Charles Bellestri represented he had never suffered from any ailment or disease of the stomach or intestines and had not, within five years, consulted with or been treated by a physician. This was not true, for he had consulted a physician about stomach trouble a few months before making the application and another physician had taken an X-ray of his stomach. The application for insurance was made June 2, 1922; he consulted a physician in February,

[1]Life Insurance, 37 C. J. § 447; [2]Id., 37 C. J. § 179.

1922; and died September 13, 1922, following an operation for duodenal or gastric ulcer. When proofs of death were made, the cause of death was disclosed and the fact of medical consultation previous to the application for insurance, and the insurance company refused to pay and tendered the premium paid to the beneficiary. The beneficiary brought this suit to recover the insurance and had verdict and judgment. Under plea of the general issue, defendant gave notice of the affirmative defense of fraud perpetrated by the false representations mentioned. Defendant moved for a directed verdict and also for judgment notwithstanding the verdict.

The law provides that statements for life insurance shall not avoid a policy unless made in a written application and a copy thereof be indorsed upon or attached to the policy when issued. Act No. 256, Pub. Acts 1917, pt. 3, chap. 2, subd. 2, § 3 (Comp. Laws Supp. 1922, § 9100 [147]).

A photographic copy of the application, slightly reduced in size, was attached to the policy. The circuit judge, *sua sponte,* instructed the jury that such copy must be reasonably legible to a person having normal eyesight when examined under ordinary conditions of daylight, and if they found it was not reasonably legible then to return a verdict for plaintiff. The jury found it was not legible and rendered verdict for plaintiff. We have the photographic copy before us, and this was all the jury had, for there was no testimony given on the subject. The copy is clearly legible, and, in the absence of testimony tending to question the obvious, the subject should not have been submitted to the jury. Defendant was entitled to a directed verdict under the undisputed evidence. The court should have entered judgment for defendant notwithstanding the verdict of the jury. Whether the applicant for the insurance was aware of his

stomach trouble or not was of small moment at the trial, for the evidence is conclusive that he did know he had consulted a physician about three months before and that an X-ray had been taken, and yet he represented he had not consulted a physician within five years. He concealed a material fact by a false representation. The insurer had a right to know that he had consulted a physician, the application called for such knowledge, and if it had been imparted the insurer could have made investigation.

We have not overlooked section 17, chap. 2, pt. 3, Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100 [161]), which provides:

"The falsity of any statement in the application for any policy * * * shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

The false statement bore a direct relation to acceptance of the risk and the hazard assumed by the insurer. See *Rathman* v. *Casualty Co.*, 186 Mich. 115, 124 (L. R. A. 1915E, 980, Ann. Cas. 1917C, 459).

The judgment is set aside, with costs to defendant, and, notwithstanding the verdict of the jury, the case is remanded to the circuit with direction to enter judgment for defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.