JANUNAS *v.* METROPOLITAN LIFE INSURANCE CO.

1. INSURANCE—FRAUDULENT STATEMENTS IN APPLICATION—TRIAL—INSTRUCTIONS.

In an action on a life insurance policy, where the defense was fraudulent representations in the application relative to health and treatment by physicians, in view of 2 Comp. Laws 1915, § 9360, subd. 4, the trial court properly instructed the jury that no statement of insured in her application, fraudulent or otherwise, will avoid the policy unless such application has been indorsed upon or attached to the policy when issued, in letters sufficiently large and legible that it may be read by a person of normal eyesight, under normal conditions and with reasonable ease.

2. TRIAL—SUBMITTING SPECIAL QUESTIONS—DISCRETION OF COURT.

Although Circuit Court Rule No. 42, subd. 4, provides that special questions to be submitted to the jury be presented at the conclusion of the testimony to the court and counsel for opposite party, and before the beginning of the argument the court shall indicate what questions are to be submitted, it does not take away the discretion of the trial judge to submit a question after argument and at close of instructions, and error therein, if any, must rest upon abuse of discretion with palpable injury to the party complaining.

3. APPEAL AND ERROR—ABUSE OF DISCRETION.

Where the issue incorporated in a special question was so pointedly covered by the instructions to the jury and necessarily involved in the trial, including argument to the jury, that no injury could possibly result from submitting said question after argument and at close of instructions instead of before, as provided by Circuit Court Rule No. 42, subd. 4, there was no abuse of discretion in so submitting it.

4. SAME—PRACTICE.

Where a special question was submitted to the jury after argument and at close of instructions instead of before,

¹Insurance, 32 C. J. §§ 219, 512; ²Appeal and Error, 4 C. J. § 2807 (Anno); Trial, 38 Cyc. p. 1915; ³Appeal and Error, 4 C. J. § 2807 (Anno); ⁴Id., 3 C. J. § 760 (Anno).

as provided by Circuit Court Rule No. 42, subd. 4, counsel could have asked to be heard on the subject of the special question and to have leave to reopen argument to the jury instead of resting content with an exception to the action of the court.

Error to Berrien; White (Charles E.), J. Submitted January 4, 1927. (Docket No. 9.) Decided June 6, 1927.

Assumpsit by John P. Janunas against the Metropolitan Life Insurance Company on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Gore & Harvey,* for appellant.

*Harold O. Mulks* and *George H. Bookwalter,* for appellee.

WIEST, J. August 3, 1922, on the written application of Anna Janunas, defendant issued its policy of insurance on her life, with her husband beneficiary. She died October 26, 1922; cause of death, tuberculosis of the lungs. Plaintiff, as beneficiary, brought this suit on the policy. Defendant, under plea, gave notice of the affirmative defense of fraudulent misrepresentations in the application for insurance relative to health and treatments by physicians. At the trial, over objection, evidence supporting the charge of fraud was introduced, but the jury instructed:

"I instruct you that no statement of the insured in her application for insurance, fraudulent or otherwise, will avoid the policy unless said statement is contained in her written application and such application has been indorsed upon or attached to the policy when it was issued, in letters sufficiently large and legible that it may be read by a person of normal eyesight under normal conditions and with reasonable ease."

An oculist testified, regarding the reduced photographic copy of the application attached to the policy:

"I do not think that anybody could read that under normal conditions, ordinary conditions, with any kind of ease."

The jury answered "no" to the following special question:

"Is the photostatic copy of the application which is attached to the policy such a copy as can be read with (by) a normal eye under normal conditions and with reasonable ease?"

and rendered verdict for plaintiff.    Defendant reviews by writ of error.

If the instruction mentioned was correct, most of the errors assigned have no merit.

The statute, 2 Comp. Laws 1915, § 9360, subd. 4, provides:

* * * "All statements made by the insured, shall, in the absence of fraud, be deemed representations and not warranties, and that no such statement shall avoid the policy unless it is contained in a written application and a copy of such application shall be indorsed upon or attached to the policy when issued."

The instruction to the jury was in accord with the construction given the statute in *New York Life Ins. Co.* v. *Hamburger,* 174 Mich. 254, and especially *Eastman* v. *Insurance Co.,* 228 Mich. 125.

Counsel for defendant strenuously contend that the holding in the *Eastman Case* reads language into the statute and should be overruled, or at least modified, to the extent of permitting the defense of fraud, regardless of failure to attach a proper copy of the application to the policy.    We have given careful consideration to the contention, and find no good reason for modification.    The statute, by necessary implication, carries the very meaning we have accorded its provisions.    The purpose of the statute is obvious,

and compliance essential if defenses resting on statements made in the application are to be permitted after death has closed the lips of the insured.

Whether the reduced size photographic copy of the application attached to the policy serves the purpose of the statute involves the question of whether it can be read by a normal eye, under normal conditions, with reasonable ease. If it cannot be read by a normal eye, under normal conditions, with reasonable ease, then to hold it a compliance would render the statute meaningless. But, it is said, the statute only applies "in the absence of fraud," and, therefore, the affirmative defense of fraud in procuring the insurance is open to defendant. Such an affirmative defense must be predicated upon the statements made in the application, and, therefore, it would require employment of the application to show the fraud and that may not be done unless the statute has been obeyed by defendant. *New York Life Ins. Co.* v. *Hamburger, supra.* See *Archer* v. *Assurance Society,* 218 N. Y. 18 (112 N. E. 433). Unless the law is complied with the application is no part of the policy, and the insurance company may not look to the application for any defense based on statements therein, for the case will be heard as though no application had been made.

As said in *Rauen* v. *Insurance Co.,* 129 Iowa, 725, 734 (106 N. W. 198):

"It may be admitted, for the purposes of this case, that the fraud pleaded was sufficient to avoid the policy if the appellant had put itself in position to make use of the defense; but, failing to attach a copy of the application to the policy, it waived its right to take issue upon the application or any part of it."

After arguments of counsel, and at the close of instructions, the trial judge submitted the special question above mentioned to the jury. Counsel allege this was error because they were afforded no oppor-

tunity to be heard by the court or to argue the subject to the jury.

Circuit Court Rule No. 42, subd. 4, provides:

"When special questions are to be submitted to a jury, such questions shall be prepared by the party requesting their submission, and presented at the conclusion of the testimony to the court and counsel for the opposite party, and before the beginning of the argument the court shall indicate what special questions shall be submitted to the jury."

The judge might well have refused to submit the question presented at that stage of the trial. *Fishell* v. *Fishell*, 206 Mich. 308. But the rule does not take away discretion vested in the trial judge in the conduct of trials, and error, if any, must rest upon an abuse of such discretion with palpable injury to the party complaining. We find a departure from the letter of the rule, but the issue incorporated in the special question was so pointedly covered by the instructions to the jury and necessarily involved in the trial, including argument to the jury, that we cannot conceive of any injury to defendant arising out of the submission of the special question. Counsel could have asked to be heard by the court on the subject of the special question and to have leave to reopen argument to the jury. Counsel, however, rested content with an exception to the action of the court.

We find no reversible error, and the judgment is affirmed, with costs to plaintiff.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred. BIRD, J., did not sit.