METROPOLITAN LIFE INSURANCE CO. v. CARTER.

1. INSURANCE—FALSE REPRESENTATIONS.
   False representations in application by insured that he was in good health, that he had not been treated by physician, or at any dispensary, hospital, or sanitarium within last five years, and that he had not had any serious illness, bore direct relation to acceptance of risk and hazard assumed by insurer, barring right to recovery of benefits under policy.

2. CANCELLATION OF INSTRUMENTS—FRAUD—INSURANCE POLICY—INJUNCTION.
   Chancery court has jurisdiction to cancel insurance policy procured by false representation of material facts and to restrain action at law by beneficiary.

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted October 15, 1930. (Docket No. 87, Calendar No. 35,140.) Decided December 2, 1930.

Bill by the Metropolitan Life Insurance Company, a corporation, against Emma Carter to cancel an insurance contract and enjoin prosecution of a law action. From decree dismissing bill, plaintiff appeals. Reversed and decree entered.

*Bulkley, Ledyard, Mills & Dickinson* (*Robert W. Conder,* of counsel), for plaintiff.

*Barbour & Martin* (*Chas. C. Stewart,* of counsel), for defendant.

McDONALD, J. This bill was filed to cancel an insurance contract for fraud, concealment, and misrepresentation of material facts by the insured, and

As to what constitutes consultation with, or attendance by a physician within meaning of an application for insurance, see annotation in 18 L. R. A. (N. S.) 362.

On the question as to time covered by representations as to consultation with physician, see annotation in 45 L. R. A. (N. S.) 162.

to enjoin the prosecution of a law action by the beneficiary to recover the benefits under the policy.

On the 4th day of February, 1927, the plaintiff issued a policy of insurance in the amount of $1,000 on the life of Ish Moore. The defendant was named as beneficiary. The theory of the bill is that, in his written application of date January 30, 1927, the insured falsely represented that his present health was good, that he had not been treated by a physician within the last five years, that he had not been treated at any dispensary, hospital, or sanitarium within that time, and had not had any serious illness. A copy of the application was attached to the policy delivered to the insured and retained by him. He died on September 22, 1928. Plaintiff refused payment. The beneficiary brought suit and this bill was filed to restrain the prosecution of the suit and for a cancellation of the policy. On the hearing, the bill was dismissed. The plaintiff appealed.

The representations complained of were made to Dr. Wainger, medical examiner, and are contained in part B of the application. Dr. Wainger testified without objection that he questioned the insured and recorded his answers exactly as given, that the insured signed the application, and he witnessed the signature. No evidence was offered by the defendant tending to show that the insured did not answer the questions exactly as recorded by the doctor. There was some testimony that Mr. Goodman, the agent who solicited the insurance, recorded answers that were not given by the insured. Mr. Goodman took part A of the application. Part A does not contain the representations upon which the plaintiff relies. Mr. Goodman was not competent under the statute to testify. In disposing of the issue, we do not consider his testimony. Part B of the applica-

tion was properly received in evidence. As verified by the testimony of the medical examiner, it shows conclusively that the representations were made as alleged.

The evidence is undisputed that some of these representations were false. The insured had been confined in the West Virginia penitentiary for four years, and was paroled on December 24, 1926, about five weeks before he made this application for insurance. The undisputed testimony shows that during his incarceration he became sick and was transferred to the prison general hospital, where he was treated by Dr. Ashworth and Dr. Wilson, the prison physicians, that from the general hospital he was taken to the tubercular hospital, where he remained for some weeks, during which time he was treated by the prison physicians. The hospital records more specifically show the nature of his illness and the treatment he received. Their admissibility is questioned. They may be eliminated from the record and sufficient competent testimony remains to show that the representations be made as to previous sickness, confinement in hospitals, and medical attendance were false.

The same question was before us in *Bellestri-Fontana* v. *New York Life Insurance Co.*, 234 Mich. 424, in which Mr. Justice Wiest speaking for the court said:

"The insurer had a right to know that he had consulted a physician, the application called for such knowledge, and if it had been imparted the insurer could have made an investigation."

That case, which is decisive of the question here, held that such a false statement "bore a direct relation to acceptance of the risk and the hazard as-

sumed by the insurer'' and barred the right to a recovery of the benefits under the policy.

We see no occasion to discuss the question as to the jurisdiction of a chancery court to decree the cancellation of an insurance policy procured by the false representation of material facts and to restrain the prosecution of an action at law by the beneficiary. It is well settled in numerous decisions of this court that chancery has such jurisdiction.

In view of the undisputed facts and the law, the trial court was wrong in dismissing the plaintiff's bill. A decree will be entered in this court canceling the policy of insurance and permanently restraining the action at law. The plaintiff will have costs.

Wiest, C. J., and Butzel, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.