McKINNEY *v.* LIBERTY LIFE INSURANCE CO. OF ILLINOIS.

1. Evidence—Witnesses—Physicians and Surgeons—Privileged Communications—Statutes.

Knowledge or information gained by physician by treating patient professionally is privileged (3 Comp. Laws 1929, § 14216).

2. Insurance—Evidence—Physicians and Surgeons—Condition of Health—Trial.

In action on life insurance policy, where condition of insured's health at time policy was issued was involved, trial judge properly limited testimony of physicians called as witnesses by defendant to fact that insured had called upon them for treatment, and that they had treated her.

3. Same—Misrepresentation as to Condition of Health.

Mere fact that insured had theretofore, on two occasions, called upon physicians for treatment was not, in itself, sufficient to warrant submission to jury issue as to whether she had misrepresented condition of her health by saying in application for policy that it was good.

4. Same—Construction of Questions and Answers in Application.

Questions and answers in application for insurance ought to be construed liberally in favor of insured.

Appeal from Wayne; Campbell (Allan), J. Submitted April 6, 1933. (Docket No. 40, Calendar No. 36,919.) Decided June 5, 1933.

Assumpsit by William McKinney and another against Liberty Life Insurance Company of Illinois, a foreign corporation, on an insurance policy. Directed verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*James J. Shea,* for plaintiffs.

*Roxborough & Taliaferro* (*Robert J. Evans,* of counsel), for defendant.

Sharpe, J.   This action is brought to recover upon a life insurance policy issued by the defendant on June 30, 1928, to Alma McKinney in the sum of $1,500.   She passed away on October 5th following.

The plaintiffs declared upon the policy and annexed a copy of it to the declaration.   It included a copy of the statements made by the applicant to defendant's medical examiner, in which she stated that her then condition of health was "Good."   She was also asked and answered:

"Have you ever had enlarged glands, cancer, or other tumor?   No.

"Have you ever had any local or general disease not mentioned or any accident or injury?   No."

She also stated that the above answers were full, complete, and true to the best of her knowledge and belief.

In its notice of special defense, the defendant alleged that the answers above stated were warranties; that they were untrue and made with intent to deceive the defendant, and that the policy was voided thereby.

The plaintiffs offered in evidence the policy, and, on defendant's counsel conceding that proof of the death of the insured was duly furnished, rested their case.

The defendant then called as a witness Dr. Milton A. Darling, who had signed the "Medical Proof of Loss and Cause of Death."   In it he had stated that he had attended the deceased for three days prior to her death, and that she died from "Intestinal obstruction."   The doctor was then permitted to testify, over the objection of plaintiffs' counsel, that

he had operated on the deceased on October 2d, and to state his reasons therefor, and that the condition necessitating the operation had probably existed for two years prior thereto. Two doctors on the staff of Grace hospital were called and testified that the deceased came to the hospital in June, 1928, and, over objection, stated their diagnoses of her then trouble.

After due consideration, on motion of plaintiffs' counsel, the trial court struck from the record all of the testimony of the doctors except their statement that deceased came to see them and was treated by them, and, no other evidence being submitted, he directed the jury to find a verdict for the plaintiffs. From the judgment entered pursuant thereto, the defendant has taken this appeal.

Error is assigned upon the action of the court in excluding the testimony of the doctors above referred to.

Section 14216, 3 Comp. Laws 1929, so far as here material, reads as follows:

"No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon."

This statute has long been in force in this State. In *Scripps* v. *Foster,* 41 Mich. 742, 748, its object was said to be—

"to prevent the abuse of the confidential relation existing between the physician and his patient and is for the protection of the latter."

It "covers information acquired by observation while the physician is in attendance upon his patient, as well as communications made by the patient to him." *Fraser* v. *Jennison,* 42 Mich. 206, 224.

In *Fishleigh* v. *Railway,* 205 Mich. 145, 158, it was said that, under the statute, a doctor was prohibited from testifying "to what he learned in his professional capacity, while treating, and for the purpose of treating" the patient. Knowledge or information gained by treating the deceased professionally is privileged. *Repala* v. *John Hancock Mutual Life Ins. Co.,* 229 Mich. 463, 467. It follows that the trial judge was right in limiting the testimony of the doctors to the fact that the deceased had called upon them for treatment, and that they had extended treatment to her.

The deceased in her application represented that she was in "sound" health at that time. The mere fact that she had theretofore on two occasions called upon a physician was not sufficient, in itself, to warrant the submission to the jury as to whether or not she had thus misrepresented her condition.

"Questions and answers in an application for insurance ought to be construed liberally in favor of the insured." *Perry* v. *John Hancock Mutual Life Ins. Co.,* 143 Mich. 290, 294.

The judgment is affirmed.

McDonald, C. J., and Clark, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.