PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* ASHE.

1. INSURANCE—REINSTATEMENT—CONDITION OF HEALTH.

Statement to agent made by insured at time of application for reinstatement of policy that he was in good health and the concealment of fact that he had been troubled with appendicitis, tuberculosis, pleurisy, and lumbago and was then being treated for a fistula *held*, sufficient misrepresentation of facts to avoid policy.

2. SAME—DEFINITION OF GOOD HEALTH.

Good health as used in an insurance policy means that insured is free from disease that would seriously affect the general soundness of the system and that he has not been attended by a physician for a serious ailment.

3. SAME—CONDITIONS AFFECTING RISK.

Insurance policies being contracts *uberrimæ fidei*, failure of insured to disclose conditions of which he is aware and that affect the risk makes the contract voidable at insurer's option.

4. FRAUD—CONCEALMENT—DUTY TO DISCLOSE.

Concealment becomes fraudulent only when party having knowledge of the facts has duty to disclose them.

5. INSURANCE—MISREPRESENTATION AFFECTING ASSUMPTION OF RISK.

An insurance policy may be cancelled for an untrue statement made in good faith or in ignorance of its falsity if such misrepresentation materially affects assumption of the risk by the insurer (3 Comp. Laws 1929, § 12444).

6. SAME—FRAUD—REINSTATEMENT.

Statement to agent by insured that he was in good health *held*, misrepresentation of a material fact affecting assumption of risk by insurer avoiding reinstatement of policy, where he had suffered various ailments and was then being treated for a fistula (3 Comp. Laws 1929, § 12444).

Appeal from Ingham; Collingwood (Charles B.), J. Submitted January 19, 1934. (Docket No. 107, Calendar No. 37,599.) Decided April 4, 1934.

Bill by Prudential Insurance Company of America, a New Jersey corporation, against Vivan M. Ashe and wife for cancellation of a health and accident insurance policy, to restrain a suit at law and for other relief. Bill dismissed. Plaintiff appeals. Reversed, and decree ordered entered for plaintiff.

*Emmons, Oren & Sleeper (Donald McGaffey,* of counsel), for plaintiff.

*Pierce & Planck,* for defendants.

EDWARD M. SHARPE, J.   Plaintiff filed a bill in chancery to cancel an insurance policy on the life of defendant and to restrain a suit at law commenced by defendant as against plaintiff for the collection of sick benefits under said insurance policy.

The policy was issued in 1928, lapsed, was reinstated, and lapsed again.  An agent of the insurance company called upon the defendant during the latter part of February or the early part of March, 1932, for the purpose of having defendant reinstate his policy, and defendant promised to do so as soon as he could get the money.  On April 13, 1932, and at the request of defendant the agent again called at the home of defendant about supper time and when defendant was in a hurry to go to work.  Defendant did not have time to talk to the agent about the policy, but was told that all he needed was his signature to the application and the money to reinstate the same.  The answers to certain material questions were filled in by the agent either before the application was signed or later, but without the knowledge of the defendant.  On the basis of these statements in the application, the plaintiff company reinstated the policy.

The answers to the questions in the application for reinstatement stated that defendant was in good health and had had no illness or medical treatment since the date of issue of the policy.  The record shows that in 1918 defendant had bronchial asthma; in 1922 he complained of being short of breath; in 1925 he had pleurisy and was in bed 12 days; in 1927 he was operated upon for a rectal abscess.  In 1930 he was operated upon for appendicitis, and about that time an X-ray disclosed an early parenchymal type of tuberculosis in the upper right lung

with lesions fairly well arrested. In August, 1930, defendant was again treated for pleurisy. In February, 1932, he was treated for inflammation of the lumbar region. On the 15th and 26th of March and the 25th of April he was treated for a fistula. On August 4, 1932, his case was diagnosed as tuberculosis.

The record also discloses that when the application for reinstatement was being made out the agent asked defendant if he was in good health and defendant replied that he was in good health so far as he knew except for a lingering cold.

The question involved in this case is: Was the defendant's statement that he was in good health such a misrepresentation of fact as would void the reinstatement of the policy? Under the view we take of the case, it will not be necessary to consider whether defendant is bound by the answers to the other questions filled in by the insurance agent.

We think that the defendant had no intention of defrauding the insurance company; yet his statement that he was in good health was not true. "Good health" as the term is used in an insurance policy means that insured is free from disease that would seriously affect the general soundness of the system, and that he has not been attended by a physician for a serious ailment. *Ligrow* v. *Abraham Lincoln Life Ins. Co.*, 260 Mich. 444, 446.

Insurance policies are traditionally contracts *uberrimæ fidei* and a failure by the insured to disclose conditions affecting the risk, of which he is aware, makes the contract voidable at the insurer's option. *Hardman* v. *Fireman's Ins. Co.*, 20 Fed. 594; *New York Life Insurance Co.* v. *Abromietes*, 254 Mich. 622.

Concealment becomes fraudulent only when it is the duty of the party having knowledge of the facts to disclose them to the other. 2 Pomeroy's Equity Jurisprudence (4th Ed.), § 902.

When the application for reinstatement was made and defendant Ashe said he was in good health so far as he knew, he also knew that he had been ill with pleurisy, that he suffered pains, had been told that he had some indications of tuberculosis, had just finished treatments for lumbago, and was being treated for fistula. We are also impressed with the fact that when defendant Ashe made an application for benefits under the policy he stated that his illness began in March, 1932. This statement, while not controlling, is indicative that Ashe knew he was not a well man when he signed the application for reinstatement.

"In any event, fair dealing requires that in case of a material change in the applicant's health prior to the consummation of the contract, the insurer should be informed thereof; otherwise a fraud might be perpetrated upon it. In fact, an obligation rests upon an applicant to disclose such changes in his physical condition, which occur during the negotiations, as would influence the judgment of the insurance company as to the advisability of accepting the risk. Of course, the duty to disclose a material change in health is premised upon knowledge on the applicant's part of such change." 1 Couch's Cyclopedia of Insurance Law, § 130a, p. 250.

In the present case, the assured was not in good health when the application was made. The insurer was entitled to know the true condition of Ashe's health. It was Ashe's duty to disclose information that would affect the reinstatement; his failure to do so, together with his positive statements as to the

condition of his health, materially affected revivor of the lapsed policy.

There is another ground, not expressly relied upon in the pleadings or arguments, on which plaintiff's bill for the cancellation of this policy may be sustained. 3 Comp. Laws 1929, § 12444, provides:

"The falsity of any statement in the application for any policy covered by this chapter shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

An insurance policy may be cancelled for an untrue statement made in good faith or even in ignorance of its falsity, if such misrepresentation materially affected the assumption of risk by the insurer. *National Life & Accident Ins. Co.* v. *Nagel,* 260 Mich. 635. See, also, *Bellestri-Fontana* v. *New York Life Ins. Co.,* 234 Mich. 424. Defendant's past and existing state of health was a material fact affecting the risk of plaintiff company, and plaintiff's officers have testified in a statement admitted by stipulation and unrebutted by the defendant that defendant's application for reinstatement would not have been accepted had a full disclosure been made to the company.

The decree below will be reversed and the case remanded for the entry of a decree canceling the reinstatement of the policy. Plaintiff will recover costs.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Butzel, and Bushnell, JJ., concurred.