**LAWRENCE v. CONNECTICUT MUT. LIFE INS. CO.**

**DOOLEY v. SAME.**

**Nos. 7640, 7641.**

Circuit Court of Appeals, Sixth Circuit.

June 28, 1937.

George O. Hansen and George H. Heideman, both of Detroit, Mich., for appellants.

William J. Shaw, of Detroit, Mich. (Miller, Canfield, Paddock & Stone, of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

These appeals arise out of actions on two life insurance policies, consolidated for trial and presenting the same legal questions. The cases were tried to a jury, and a verdict and judgment for appellee was rendered in each case.

The principal questions are (1) whether it was error for the court to admit the testimony of certain physicians disclosing information obtained by them in examining and treating the insured, upon the ground that such information was inadmissible under the Michigan statute,[1] and (2) whether the court erred in its charge to the jury.

[1] Section 14216 of Michigan Compiled Laws, 1929, reads as follows: "No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a sur-

We think that the testimony of the physicians was admissible. The insured had expressly waived the protection of the statute.[2] No objection was made by appellants to the testimony of the pathologist and an X-ray specialist. However, if objection had been made to the testimony of all physicians called by appellee, our conclusion would be the same. While under the Michigan statute communications by a patient to his physician are privileged, the statute does not prohibit waiver of the privilege, and in fact expressly recognizes it. In Gilchrist v. Mystic Workers of the World, 188 Mich. 466, 154 N.W. 575, Ann.Cas.1918C, 757, the Michigan Supreme Court held that an applicant for insurance cannot waive in advance a privilege which excludes the testimony of his physicians upon the ground that such waiver is against public policy. This decision runs counter to a long line of Michigan authorities, both prior and subsequent. Fraser v. Jennison, 42 Mich. 206, 225, 3 N.W. 882; Briesenmeister v. Knights of Pythias, 81 Mich. 525, 533, 45 N.W. 977. Cf. La Count v. Von Platen-Fox Co., 243 Mich. 250, 220 N.W. 697; People v. Kayne, 268 Mich. 186, 190, 255 N.W. 758. Except where vested rights arise, this court will not apply an isolated decision of the State court which is in conflict with both earlier and later interpretations of a local statute. The insured expressly agreed that all of his physicians might be conferred with and disclose facts known to them, and the physicians were properly allowed to testify.

In discussing the charge of the court it is necessary to state the facts of the case.

On August 31, 1932, appellee issued two policies of insurance on the life of Russell E. Lawrence. These policies lapsed for nonpayment of premiums, and were reinstated in May, 1933. The insured died on June 15, 1934, leaving two minor children and Genevieve G. Dooley as beneficiaries under the two policies. At the time of his application for reinstatement, the insured was asked the following questions, and made the accompanying answers:

"Have you ever had any of the following diseases or symptoms:

"21. Sunstroke, sleeping sickness, cancer, or any tumor, habitual headache, swollen glands or discharge from ear? Yes."

"27. Is there now existing any disease, disorder or infirmity? No."

"If any of the above questions are answered 'yes' state each disease, date and duration and attending physician.

"21. Enlarged gland in rt. side of neck in Mar. 1929 disappeared after removal of infected tooth. Dr. Cutter—Detroit."

"30. What physician or surgeon, if any, not named above, have you consulted with or been attended by during the past 5 years? None."

At the close of the application, which was signed by the insured, the following statement was made: "I hereby declare that the answers and statements in this application * *· * are true and full."

The testimony of the physicians showed that these answers were not in all respects true, and were not full. In 1930, the insured consulted a physician, complaining of an enlargement of glands in the neck. The physician advised a biopsy, and the insured did not return. In 1931, he consulted another physician with reference to the same ailment. A surgeon was called in, who advised the removal of one of the glands for microscopic examination. The gland was removed, and submitted to the pathological laboratory at Harper Hospital. The pathologist reported that the tissue examined contained a very malignant tumor. The insured's physician and the surgeon

---

geon: Provided, however, That in case such patient shall bring an action against any defendant to recover for any personal injuries, or for any malpractice, if such plaintiff shall produce any physician as a witness in his own behalf, who has treated him for such injury, or for any disease or condition, with reference to which such malpractice is alleged, he shall be deemed to have waived the privilege hereinbefore provided for, as to any or all other physicians, who may have treated him for such injuries, disease or condition: Provided further, That after the decease of such patient, in a contest upon the question of admitting the will of such patient to probate, the heirs at law of such patient, whether proponents or contestants of his will, shall be deemed to be personal representatives of such deceased patient for the purpose of waiving the privilege hereinbefore created."

[2] Waiver. "I expressly waive on behalf of myself and of any person who shall have or claim any interest in any policy issued hereunder, all provisions of law forbidding any physician or other person who has heretofore attended or examined me or who may hereafter attend or examine me from disclosing any knowledge or information which he thereby acquired."

told him of this diagnosis. The answer to question 21, therefore, was not full, because the insured made no statement as to cancer or tumor. In answer to question 30, the insured stated that no physician or surgeon not named had been consulted during the past five years. The only physician named was Dr. Cutter. The record shows that the insured had consulted with or been attended by several other physicians during this period, and two of them had told him that he was suffering from sarcoma.

Appellants attempted to meet this testimony by offering to establish that the agents of the company had knowledge of all these medical treatments, examinations and consultations. No competent testimony to this effect appears in the bill of exceptions, and therefore we do not consider this question.

The trial court permitted the assistant medical director for appellee to testify that if the answers to the questions had disclosed that the insured had sarcoma he would not have approved the application for insurance, and appellants object that neither the original application nor the application for reinstatement mentioned sarcoma. In view of the fact that each of these applications mentions cancer and tumor, the objection is utterly lacking in merit. Whether or not cancer, sarcoma and tumor are distinguished, as the record indicates, by the fact that cancer arises in the ectoderm, sarcoma in the mesoderm, and that tumor, even though malignant, is a broader term than either cancer or sarcoma, the fact remains that the question fairly called for disclosure of the existence of any tumor, whether malignant or benign, and the insured answered only that he had had swollen glands.

We next consider whether the court erred in its charge to the jury. Only a general exception was taken to the charge. But even were the question preserved for review [Cf. Detroit Edison Co. v. Stricker, 65 F.(2d) 126 (C.C.A.6) ; Fidelity & Casualty Co. of New York v. Genova (C.C.A.6) 90 F.(2d) 874 decided June 4, 1937], no reversible error is shown. The charge that information imputed to the soliciting agent should not be considered by the jury as binding did not constitute error, for it is not shown by competent evidence that the soliciting agent had knowledge of these consultations, examinations, and the operation. The principal question is whether the court erred in charging the jury that if they believed from the evidence that the insured in 1930, and again in February and April, 1931, consulted physicians not named in the policy, was X-rayed, given deep therapy treatments, and operated upon in April, 1931, that the verdict should be for appellee. Appellants claim that this charge took from the jury the right to decide whether the insured wilfully and fraudulently misrepresented his condition, and in substance urge that the jury should have been charged that if the insured in good faith made the statements in the application for the policies and for reinstatement thereof, appellants could recover.

Upon this question also we must affirm the judgment. The statement that the insured had not consulted any other physician during the five preceding years was as matter of law material. Haddad v. New York Life Ins. Co., 42 F.(2d) 651 (C.C.A.6). It was a positive statement of fact falsely made with respect to a material matter. It therefore is deemed to have been made wilfully and with intent to deceive. New York Life Ins. Co. v. Cohen, 57 F.(2d) 494 (C.C.A.6). A concealment of material facts as to illness and treatment by or consultation with a physician is as matter of law material. Lyttle v. Pacific Mutual Life Ins. Co., 72 F.(2d) 140 (C.C.A.6).

The insured could not, through carelessness or inadvertence, have forgotten his serious consultation with so many physicians, his sojourn in the hospital, the operation upon his neck, the X-rays, the deep therapy, and the statement of two experts, his physician and his surgeon, that he was suffering from sarcoma. His silence on those points is persuasive proof of a fraudulent intent. Bellestri-Fontana v. New York Life Ins. Co., 234 Mich. 424, 208 N. W. 427; Mutual Life Ins. Co. of New York v. Geleynse, 241 Mich. 659, 217 N.W. 790, 56 A.L.R. 702; Metropolitan Life Ins. Co. v. Carter, 252 Mich. 432, 233 N.W. 370; New York Life Ins. Co. v. Bahadurian, 252 Mich. 491, 233 N.W. 390.

The judgments are affirmed.