**RANGER, Inc. v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.**

No. 11360.

United States Court of Appeals
Sixth Circuit.

May 13, 1952.

970

Craig E. Davids, Grand Rapids, Mich., for appellant. Allaben, Wiarda, Hayes & Hewitt, by F. Roland Allaben, Grand Rapids, Mich., on the brief.

Clifford Christenson, Grand Rapids, Mich., for appellee. Varnum, Riddering, Wierengo & Christenson, by L. K. Varnum, Grand Rapids, Mich., on the brief.

Before HICKS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant, Ranger, Inc., brought this action in the district court to recover on a life insurance policy in the amount of $20,000, in which it was named beneficiary. Following a verdict of no cause of action, judgment was entered for the appellee insurance company.

The complaint alleges that on January 11, 1947, the Equitable Life Assurance Society of the United States, insured the life of Edward N. Andrews, then President of the Appellant Company, in the amount of $20,000 for a period of ten years, payable to the appellant as beneficiary upon receipt of due proof of death prior to the expiration date therein; that the insured, Andrews, died on December 2, 1948; that appellant furnished proper proof of death to the appellee, and that the appellee refused to make the payment provided by the policy. Appellee by its answer admitted the execution of the policy, but claimed that the insured made false answers to certain questions in the application for insurance, which the appellee relied upon, believing them to be true; that the false representations materially affected the acceptance of the risk and the hazard assumed by the appellee; that they were made by the insured with the intent to deceive the appellee and for the purpose of inducing it to issue the policy of insurance; that if the appellee had known the true facts it would not have approved the application nor issued the policy; that the appellee upon learning of the falsity of the statements in the application had acted to rescind the policy and had tendered to the appellant a return of the premiums paid with interest thereon. Death of the insured occurred within the two-year contestable period. Appellant denied that the answers were false or that they gave the appellee the right to rescind the policy. On the factual issues thus presented, the jury found for the appellee.

On this appeal, appellant raises numerous questions pertaining principally to the admissibility of evidence and to alleged erroneous instructions of the trial judge. As a preliminary question, however, we are met by appellant's challenge to the right of the appellee to rely upon any of the alleged false statements in the application.

Under § 24.263, Michigan Statutes Annotated, Comp.Laws 1948, § 522.3, it is provided that in the absence of fraud no statement made by the insured "shall avoid the policy unless it is contained in a written application and a copy of such application shall be endorsed upon or attached to the policy when issued". This has been construed by the Supreme Court of Michigan as requiring a copy that could be read by a person of normal eyesight under normal conditions and with reasonable ease, and that whether the copy complies with this standard is a question of fact for the jury. Eastman v. Metropolitan Life Ins. Co., 228 Mich. 125, 199 N.W. 655; Janunas v. Metropolitan Life Ins. Co., 239 Mich. 150, 214 N.W. 117.

Appellant contends that the copy in the present case did not meet this test. In charging the jury upon this issue, the District Judge stated in effect that it was

for the jury to determine from observation of the photostatic copy and from the expert testimony in the case "whether or not the copy of the application at the time the policy was delivered to the insured could be read by a person of normal eyesight under normal conditions with reasonable ease," and that if the jury found that the copy of the application attached to the policy could not be so read, the appellant could not avoid liability under the policy by reason of any misrepresentation in the application. The jury's verdict shows that it found against the appellant on this issue. Appellant contends that the instruction was erroneous in that it required the copy of the application to be legible only at the time the policy was delivered, and that the statute requires the copy of the application to be legible at all times during the life of the policy. The contention is without merit. The statute above referred to requires the application to be attached to the policy "when issued." A similar instruction was given by the trial judge in Janunas v. Metropolitan Life Ins. Co., supra, and approved by the Supreme Court, although the particular point now made was not presented. In any event, as a practical matter, there was no prejudicial error, in that the testimony as to legibility was based on the photostat in its condition at the time of trial, and the jury was necessarily deciding whether or not it was legible at that time.

In his application for insurance the insured answered certain questions as follows:

"Question 3 E. Have you ever been in any hospital, asylum or sanatorium for observation, treatment or an operation? (State when, where, and for what reason).

"Answer: Yes, appendectomy, Evanston, Ill. 1923."

"Question 6 F. Have you ever had or been treated for any disease or disturbance of:

"The Skin, Bones, Glands, Eye or Ear?

"Answer: No."

"Question 7 F. Have you ever had any other illness or injury not mentioned above?

"Answer: No."

"Question 9. State below every physician, practitioner or specialist whom you have consulted or who has treated you during the past five years. (If none, so state.)

"Answer: None."

The appellee contends that the foregoing answers were false.

The evidence showed without contradiction that on November 30, 1943, the insured was admitted to the Saginaw General Hospital at 9:10 a. m. for the removal of a birthmark or mole on the top side of his face and that he was discharged the same day at 6:30 p. m. as "Recovered," with G. L. Ackerman as the attending doctor. The death certificate showed the insured to have died on December 2, 1948 of metastatic malignant melanoma, which the proof showed to be a form of cancer. Dr. Ackerman was called as a witness by the appellee and testified over appellant's objection that over a period of several months prior to November 30, 1943, he had observed a small growth on the insured's face which had a distinctly black appearance and that it was his opinion that just prior to its removal the growth was changing in its characteristics and becoming larger. Another doctor answered a hypothetical question containing those facts to the effect that in his opinion there was a direct connection between the tumor that was growing larger in 1943 and the insured's death in 1948, and that the insured had a malignant tumor in January 1947, when the policy was issued.

Appellant contends that the testimony of Dr. Ackerman was inadmissible as privileged under the well established physician-patient rule. Michigan Statutes Annotated, § 27.911, Comp.Laws 1948, § 617.62, provides—"No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character,

and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: * * *." It seems clear that the patient or his personal representative may invoke the privilege, and also to be the rule in Michigan that the widow beneficiary of an insured may do so. New York Life Ins. Co. v. Newman, 311 Mich. 368, 373, 18 N.W.2d 859; Wigmore, Evidence, §§ 2386, 2391 (3rd Edition 1940). Appellee contends that a business beneficiary as contrasted with a relative beneficiary can not invoke the privilege, citing Rhodes v. Metropolitan Life Ins. Co., 5 Cir., 172 F.2d 183. However, the Michigan Supreme Court stated in Briesenmeister v. Supreme Lodge Knights of Pythias, 81 Mich. 525, 533, 45 N.W. 977, that an assignee of the beneficiary has the status to invoke the privilege. On the authority of that case, we agree with the ruling of the District Judge that the appellant in the present case had the right to invoke the privilege.

However, the privilege can be waived. People v. Kayne, 268 Mich. 186, 255 N.W. 758; Wigmore, Evidence, 3rd Ed., §§ 2388–2391. In the present case, the wife of the insured gave written authorization to the physicians who had treated her husband to furnish to the representative of the insurer who was investigating the case, the facts pertaining to the insured's illness and cause of death. Appellee claims this was a waiver of the privilege. But it has been held otherwise in Michigan, the law of which State is controlling in this case. Gilchrist v. Mystic Workers of the World, 188 Mich. 466, 475–476, 154 N.W. 575; Wohlfeil v. Bankers Life Co., 296 Mich. 310, 320, 296 N.W. 269. And although the death certificate was properly admitted in evidence, it did not operate as a waiver of the privilege so as to permit the physician who made out the certificate to testify generally about the patient's condition. Krapp v. Metropolitan Life Insurance Co., 143 Mich. 369, 106 N. W. 1107; Wigmore, Evidence, 3rd Ed., § 2390(4). Nor was the privilege waived by statements in the proof of death furnished to the appellee. Repala v. John Hancock

Mutual Life Ins. Co., 229 Mich. 463, 467, 201 N.W. 465.

However, the evidence was admitted by the District Judge on the theory that the physician-patient relationship had not come into existence at the time Dr. Ackerman noticed the change in the growth on the insured's face. There is some conflict in the evidence on this point. Dr. Ackerman and the insured were friends socially and saw each other frequently before Dr. Ackerman became professionally interested in the case. What he observed during that period of time, and which could be also observed by any other person in similar contact with the insured, is not covered by the rule of privilege. Edington v. Aetna Life Ins. Co., 77 N.Y. 564; Rose v. Supreme Court, Order of Patricians, 126 Mich. 577, 85 N.W. 1073. As to the exact time when Dr. Ackerman made the observation about the change in the size and characteristics of the growth, which the evidence shows was "just prior to its removal," the District Judge found as a fact, before admitting the testimony, that the professional relationship did not then exist. In our opinion, this preliminary finding of fact is fairly supported by the evidence and must be accepted on appeal. Gila Valley, G. & N. R. Co. v. Hall, 232 U.S. 94, 34 S.Ct. 229, 58 L.Ed. 521; Roberson v. United States, 6 Cir., 165 F.2d 752, 754.

Appellant contends, however, that although the relationship did not exist at that time, the observation by Dr. Ackerman was privileged under the Statute because it was used by Dr. Ackerman, when later employed, in making his diagnosis and prescribing the treatment. We do not agree. The statute uses the conjunctive "and," rather than the disjunctive "or," and clearly implies that both conditions must exist in order to make the testimony privileged, namely, (1) the existence of the professional relationship, and (2) that the information was necessary to enable the doctor to prescribe. In Briggs v. Briggs, 20 Mich. 34, 41, relied on by appellant, the professional relationship existed. The direct ruling in People v. De France, 104 Mich. 563, 62 N.W. 709, 28

L.R.A. 139, is not in point, and the dictum relied upon by appellant is too general to be helpful in our present inquiry. Nor does Thomas v. Township of Byron, 168 Mich. 593, 134 N.W. 1021, 38 L.R.A.,N.S., 1186, also cited by appellant, sustain its contention. It is true that in that case the professional relationship had terminated by reason of death, but the witness, whose testimony was rejected, had been the attending physician and was using information acquired in his professional capacity.

Appellant objects to the testimony of Dr. Eugene A. Hand as also being privileged. The evidence shows that the physician-patient relationship existed between Dr. Hand and the insured. Much of the testimony of this witness was in the nature of expert medical testimony concerning skin diseases, pigmented moles, and melanoma generally, without reference to the insured, and did not violate the rule. The Trial Judge carefully limited the testimony with respect to the insured to the facts that the insured consulted him professionally, the dates of attendance, and the presence of the mole. Testimony by a physician about dates of attendance is not privileged. Polish Roman Catholic Union v. Palen, 302 Mich. 557, 563, 5 N.W.2d 463; McKinney v. Liberty Life Ins. Co., 263 Mich. 490, 248 N.W. 881. The presence of the mole on the side of insured's face was established by other competent testimony, and any error in receiving Dr. Hand's testimony in that respect was not prejudicial. Equitable Life Assurance Society v. Bomar, 6 Cir., 106 F.2d 640, 643, 644.

Appellant objects to the admission in evidence of parts of the hospital records made while the insured was in the hospital on November 30, 1943. The District Judge correctly attempted to restrict the use of such records to entries which showed the dates of entry into and discharge from the hospital and that treatment was given. In re Nickel's Estate, 321 Mich. 519, 523, 32 N.W.2d 733. However, the parts admitted contained several references to "surgery", "operation" and "anaesthetic." In view of other testimony in the case, showing the existence of the mole prior to going to the hospital and the patch on insured's face after having been in the hospital, the references complained of were not prejudicial.

Appellant complains of the hypothetical question propounded to and answered by Dr. Lohr, a clinical pathologist, called by the appellee, in that it did not contain all the relevant facts. A hypothetical question must be based on facts supported by the evidence, and must be so framed that when answered it will not result in presenting an unfair picture to the jury. But it is not necessary that it include all the facts, or the facts and theories advanced by the adversary. If desired, such additional facts can be brought out on cross-examination. The form and length of a hypothetical question, based on facts in evidence, is largely a matter within the discretion of the trial judge. Turnbull v. Richardson, 69 Mich. 400, 413, 37 N.W. 499; New York Life Ins. Co. v. Doerksen, 10 Cir., 75 F.2d 96, 102; Pierkowskie v. New York Life Ins. Co., 3 Cir., 147 F.2d 928, 933; Wigmore on Evidence, 3rd Ed., § 682. Appellant's complaint is not well taken.

Appellant contends that the falsity of any statement in the application and its materiality to the acceptance of the risk were questions of fact for the jury, and that the trial judge erroneously instructed the jury with respect to these issues. The Court instructed the jury that if the insured failed to disclose in his answers to the questions in the application any disease or consultations with physicians involving only slight or temporary indispositions which did not tend seriously to weaken or undermine his general health, then the answers were not false and the fact that he did not disclose such matters would not bar his recovery on the policy; but if the insured failed to disclose in his answers to the questions in the application any disease or consultation with physicians which involved any serious illness or any condition tending to affect his general health, such failure to disclose would constitute concealment of a material fact, which would, as a matter of law, affect the acceptance of the risk, and the hazard

assumed by the insurer, and would bar plaintiff's recovery on the policy in question; that it was immaterial whether such concealment of a material fact was made in good faith or in ignorance. Appellant complains of so much of the instruction as charged that the failure to·disclose any disease or consultations with physicians which involved any serious illness would *as a matter of law* constitute concealment of a material fact and bar plaintiff's recovery, claiming that it was for the jury to determine as a question of fact whether or not such failure to answer the questions correctly would constitute concealment of a material fact.

Under the law of Michigan, a material misrepresentation in an application for insurance will invalidate the policy, though the untrue statement is made in good faith and even in ignorance of its falsity. Prudential Ins. Co. v. Ashe, 266 Mich. 667, 672, 254 N.W. 243; National Life & Accident Insurance Co. v. Nagel, 260 Mich. 635, 245 N.W. 540. There are numerous cases holding that when the insured answers a question in the application for insurance to the effect that he is in good health at the time when the application is made and the policy issued, and the Insurance Company claims such an answer to be a false representation which would avoid the policy, the question presented is one of fact for decision by the jury. Wohlfeil v. Bankers Life Co., 296 Mich. 310, 296 N.W. 269; Tobin v. Modern Woodmen of America, 126 Mich. 161, 85 N.W. 472; Ligrow v. Abraham Lincoln Life Ins. Co., 260 Mich. 444, 245 N.W. 498; Perry v. John Hancock Mutual Life Ins. Co., 143 Mich. 290, 106 N.W. 860. See Turner v. Mutual Benefit Health & Accident Ass'n, 316 Mich. 6, 20, 29, 24 N.W.2d 534. This Court has held to the same effect in Northwestern National Life Ins. Co. v. Nalbant, 6 Cir., 119 F.2d 725. However, there are other Michigan decisions holding that where the false statement in the application is to the effect that the insured had not consulted a physician such statement is the concealment of a material fact and invalidated the policy as a matter of law. Bellestri-Fontana v. New York Life Ins.

Co., 234 Mich. 424, 208 N.W. 427; Mutual Life Ins. Co. v. Geleynse, 241 Mich. 659, 217 N.W. 790, 56 A.L.R. 702; Metropolitan Life Ins. Co. v. Carter, 252 Mich. 432, 233 N.W. 370; New York Life Ins. Co. v. Bahadurian, 252 Mich. 491, 233 N.W. 390. See also the following rulings from this Court in cases involving Michigan law. Lawrence v. Connecticut Mutual Life Ins. Co., 6 Cir., 91 F.2d 381; Mutual Benefit Health & Accident Association v. Snyder, 6 Cir., 109 F.2d 469; Great Northern Life Ins. Co. v. Vince, 6 Cir., 118 F.2d 232. In the present case, the misrepresentation was with respect to consultations with physicians during the past five years, and if the Michigan authorities just referred to are followed, the appellee was entitled to a directed verdict, which would eliminate the question of any error in the instruction as given. However, in Rickert v. Travelers Ins. Co., 282 Mich. 538, 276 N. W. 546, 548, the Court, although apparently approving the four cases above referred to, held that the rule was only applicable to situations where the consultation with the physician was relative to a serious ailment. The Court said—"Under our holdings * * * it is not the duty of an insured in applying for insurance to advise the company in answer to a question concerning his consultation with physicians of every time he had consulted a physician for a temporary indisposition, but only of· the times of consultations relative to a serious ailment." In New York Life Ins. Co. v. Newman, 311 Mich. 368, 18 N.W.2d 859, 861, the Court approved the ruling in Rickert v. Travelers Ins. Co., supra, and held that a false answer in an application for insurance with respect to treatments by a doctor during the preceding two years did not, as a matter of law, invalidate the policy, and that if the evidence on behalf of a beneficiary showed that such consultations were not for any illness but in the nature of a routine checkup, a question of fact was presented for the jury to determine whether or not the answer was false. The Court said—"But, where there is testimony that the illness, not disclosed by the application and for which medical aid was sought, was serious, the

question of the seriousness becomes one of fact. Rhode v. Metropolitan Life-Insurance Co., 132 Mich. 503, 93 N.W. 1076." Other Michigan cases are to the same effect. See Plumb v. Penn Mutual Life Ins. Co., 108 Mich. 94, 103, 104, 65 N.W. 611.

In any event, we are of the opinion that on this aspect of the case there was no error of which appellant can complain. If we follow the rule in New York Insurance Company v. Bahadurian, supra, and the other cases to the same effect, the appellee was entitled to a directed verdict. If we follow the rule in New York Life Insurance Company v. Newman, supra, the instruction of the trial court properly submitted the issue to the jury. It seems clear that under either rule, if the evidence shows without contradiction, or if the jury finds from conflicting evidence, that the consultations with the physician involved a serious illness or any condition tending to affect the general health of the insured; it follows as a matter of law that the policy is invalidated. The instruction in the present case properly presented to the jury the question of the seriousness of any illness involved in the consultation with the physician.

■ Irrespective of the foregoing rulings, appellant contends that as an overall picture the innuendos and prejudicial questions on the part of appellee's counsel constitute grounds for reversal. Thomas v. Township of Byron, 168 Mich. 593, 134 N. W. 1021, 38 L.R.A.,N.S., 1186. The rule is well recognized; its application to a particular case is sometimes difficult, and rests primarily in the judicial discretion of the trial judge. Twachtman v. Connelly, 6 Cir., 106 F.2d 501, 509. The record shows the trial in this case to have been vigorously contested, with a great deal of effort and patience being exercised by the trial judge in attempting to reconcile the differences between counsel for respective parties. Although in some instances, after objection to a question had been sustained, questions of a related nature were improperly repeated, the District Judge apparently considered it nonprejudicial in view of the issue involved and the explanations accompanying his rulings. Our review of the record fails to show an abuse of discretion on his part, in rejecting this contention of the appellant, presented in its motion for a new trial.

We have also considered further contentions of the appellant, considered by us as of minor importance and without merit

The judgment is affirmed.