**PACIFIC MUTUAL LIFE INSURANCE COMPANY, Appellant,**

v.

**Leonard C. MILLER, Appellee.**

**No. 12433.**

United States Court of Appeals
Sixth Circuit.

Dec. 8, 1955.

**890**

Uhl, Bryant, Slawson & Wheeler, Grand Rapids, Mich., by Gordon Wheeler, Grand Rapids, Mich., for appellant.

Warner, Norcross & Judd, Grand Rapids, Mich., by Harold S. Sawyer, Jr., Grand Rapids, Mich., for appellee.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel;

And it appearing that this appeal arises out of a judgment in an action upon an insurance policy;

And it appearing that the beneficiary under a life insurance policy, together with the assured, in the application for the policy executed a written waiver of the physician-patient privilege;

And it appearing that this court in the case of Lawrence v. Connecticut Mutual Life Insurance Company, 6 Cir., 91 F.2d 381, held that such a waiver was valid and refused to follow the holding in the Supreme Court of Michigan, Gilchrist v. Mystic Workers of the World, 188 Mich. 466, 154 N.W. 575;

And it appearing that under the decision in Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.

1188, announced subsequent to the decision in the Lawrence case, supra, this court followed the decision in Gilchrist v. Mystic Workers of the World, supra; Ranger, Inc., v. Equitable Life Assurance Society of United States, 6 Cir., 196 F.2d 968, 972;

And it appearing that in the instant case the District Court correctly charged the jury that under Comp.Laws Mich. 1948, § 617.62, the several doctors with whom the assured consulted during 1948 were not permitted to testify as to the results of their examination of him or the treatment given him, or as to their conversations with him during the time that the relationship of physician and patient existed between them;

And it appearing that the court correctly charged the jury that under the law of Michigan the questions and answers in an application for insurance are to be construed liberally in favor of the insured. Northwestern National Life Insurance Co. v. Nalbant, 6 Cir., 119 F.2d 725; McKinney v. Liberty Life Insurance Co. of Illinois, 263 Mich. 490, 493, 248 N.W. 881;

And it appearing that under Comp.Laws Mich.1948, § 522.17, the falsity of any statement in the application for any policy covered by this chapter shall not bar the right to recovery thereunder unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer, and that the court correctly charged the jury in substance that, if the answers of the assured to the questions in his application were false and were made with actual intent to deceive, or if the answers materially affected the acceptance of the risk or the hazard assumed by appellant, such answers would void the policy;

And it appearing that the evidence upon the material issues of the case was in conflict and was rightly submitted to the jury, Turner v. Mutual Benefit Health & Accident Association, 316 Mich. 6, 19, 29, 24 N.W.2d 534, and

that the record supports the verdict of the jury;

And no reversible error appearing in the record;

It is ordered that the judgment herein be and it hereby is affirmed upon the grounds and for the reasons stated in the opinion of the District Court on appellant's motion for a new trial.