Mary E. MICHAEL, Plaintiff-Appellant,

v.

WORLD INSURANCE COMPANY,
Defendant-Appellee.

No. 13407.

United States Court of Appeals
Sixth Circuit.

May 2, 1958.

Russel W. Schmidt, Detroit, Mich., for appellant.

David G. Barnett, Detroit, Mich. (Leon R. Jones of Fischer, Sprague, Franklin & Ford, Detroit, Mich., on the brief), for appellee.

Before MILLER and STEWART, Circuit Judges, and JONES, District Judge.

PER CURIAM.

The appellant, Mary E. Michael, brought this action in the District Court to recover on a life insurance policy in the face amount of $5,000. Trial was had, resulting in a special jury verdict for the plaintiff. Subsequently the trial judge granted a motion for new trial and the case was re-tried before another judge. At the close of plaintiff's proofs, after admitting certain documents, defendant's Exhibits B, C, and D, during cross-examination of the plaintiff, the trial court directed a verdict for the defendant and later denied plaintiff's motion for new trial.

Plaintiff-appellant charges error in the admission of the three above-named documents, in directing a verdict, and in denying the motion for new trial.

There can be no question as to the admissibility of the death certificate and the attending physician's statement (defendant's Exhibits B and D), both of which were furnished by the plaintiff as part of her proof of loss, as admissions against interest. Haapa v. Metropolitan Life Insurance Co., 150 Mich. 467, 114 N.W. 380, 16 L.R.A.,N.S., 1165; Ranger Inc., v. Equitable Life Assur. Soc. of U. S., 6 Cir., 196 F.2d 968.

The confirmation of interview (defendant's Exhibit C) was fully proved as being the document the plaintiff signed on December 23, 1953. The issue is not whether the contents of the document are proved to be true, but whether she, in this case, signed it. The plaintiff having signed it, the document was properly admitted as an admission against interest.

Finally, it cannot be seriously disputed that the present law of the State of Michigan is that a false statement in an application for insurance or reinstatement of insurance which materially affects the assumption of the risk by the insurer, even when made in good faith and without knowledge of its falsity on the part of the person making the statement, is ground for the avoidance of the policy. Ranger, Inc., v. Equitable Life Assur. Soc. of U. S., supra, and discussion therein.

It has been urged by appellant that the insurer, where he has notice of recent medical treatment of the prospective insured, has the duty of investigating the extent and effect of the treatment.

In some circumstances we think the insurer cannot complacently rely upon the statements as to physical condition given by the insured or beneficiary. This generally is the rule in cases where the type of information is of a character suggesting the cautionary measure of investigation as to the accuracy or truthfulness of the statements given. Here, however, we are of opinion that the statements as to the surgery performed on the insured, coupled with the statement as to the good condition of the insured, did not put the insurer on notice requiring further investigation or inquiry. Certainly it did not in this case put upon the appellee the burden of controverting the truthfulness of the statements relied upon.

At trial, the beneficiary testified that she did not tell Utley, the appellee's agent, that the insured had cancer because she "doubted that he would have given the insurance had he known it". This was a conscious withholding of material information from the insurer and it relied upon the application for reinstatement by reason of it. This alone would support a rejection of the appellant's claim to the avails of the reinstated policy.

But there is more to be found in the proof of death, the attending physician's statement, the death certificate and confirmation of the interview. These exhibits were properly identified by the plaintiff and, as we think, properly received in evidence by the trial judge.

The court's reception of these exhibits and admissions against interest is amply supported by Michigan, and other, authority and we think the action of the trial judge in directing a verdict was abundantly justified.

Judgment of the District Court affirmed.