AETNA LIFE INSURANCE COMPANY OF HARTFORD, CONN.,
*v.* HARPER.

1. WITNESSES—CONFIDENTIAL COMMUNICATIONS—PHYSICIAN AND PATIENT.

Upon the death of a patient the law closes the lips of the doctor with whom he has consulted as to the nature of the consultation had.

2. INSURANCE—APPLICATION—MISREPRESENTATIONS—INFERENCES.

Misrepresentation as to general nature of insured's consultations with physician contrary to that disclosed in application for life insurance will not be inferred where it is based on mere conjecture and it is equally reasonable to infer that statements in application were true.

3. SAME—MISREPRESENTATIONS AS TO CONDITION OF HEALTH.

The mere fact that an applicant for life insurance had consulted with a physician is not sufficient, in itself, to warrant a finding of fact that applicant had misrepresented condition of health.

4. SAME—CONSTRUCTION OF APPLICATION.

Questions and answers in an application for insurance ought to be construed liberally in favor of the insured.

5. SAME—FRAUD IN APPLICATION—EVIDENCE.

In insurer's suit to cancel a life insurance policy after death of insured in an automobile accident because of alleged fraud in answering questions in application, record *held*, not to show insured had misrepresented the fact in stating he had had periodic or occasional health examinations, the last of which was in month preceding that in which policy was issued.

Appeal from Wayne; Cramton (Louis C.), J., presiding. Submitted April 10, 1940. (Docket No. 89, Calendar No. 41,084.) Decided June 3, 1940. Rehearing denied September 6, 1940.

Bill by Aetna Life Insurance Company of Hartford, Connecticut, a Connecticut corporation, against Mable Elizabeth Harper to cancel a life insurance

policy, for an injunction and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Gerald E. Schroeder* (*Lucas S. Miel,* of counsel), for plaintiff.

*Samuel Prete* (*I. A. Capizzi,* of counsel), for defendant.

Wiest, J. This is a bill in equity by plaintiff insurance company to cancel an insurance policy issued to Thomas Martin Harper in February, 1936, for alleged misrepresentations by the insured in answering questions relative to periodic health examinations and consultations with physicians, and to restrain a pending action at law brought by defendant, the beneficiary.

In the application for the insurance the insured answered "no" to the question: "Have you consulted a physician, specialist, or other practitioner for or suffered from any ailment or disease" stated in the question.

He also answered "yes" to the question: "Have you had periodic or occasional health examinations?" and gave the date of the last as by Dr. Host of Detroit in January, 1936, and that no impairment was found.

The insured died in November, 1937, from injuries received in an automobile accident.

At the hearing plaintiff called Dr. Host and he testified that the insured consulted him professionally in August, 1930, and he saw the insured "about once a week for a while and then after that every two weeks, and gradually less and less," and the last time in October, 1931.

Counsel for defendant did not question the witness and the case was submitted on the mentioned testimony.

The court dismissed the bill.  Plaintiff appealed, and claims the court should have found, under the mentioned testimony, ''that the insured had consulted a physician contrary to representations in the application,'' and the burden was on defendant ''to show the consultation was for a minor, temporary indisposition, or, have decree entered'' for plaintiff.

Plaintiff also contends that, under such evidence, the insured did not have periodic examinations as represented in the application.

Plaintiff draws the inference that the insured consulted the physician relative to ailments or diseases negatived in the mentioned question.

Death has closed the lips of the insured, and the law closes the lips of the doctor as to the nature of the several consultations had, and it is not permissible to supply the undisclosed by inference of misrepresentation based on mere conjecture in an instance where it is equally reasonable to infer the contrary.  What ailment or disease, if any, of the insured was the subject matter of the consultations? We are not informed.  If it was for some ailment not specified in the question in the application, then there was no misrepresentation.

In *McKinney* v. *Liberty Life Ins. Co. of Illinois,* 263 Mich. 490, we stated:

''The deceased in her application represented that she was in 'sound' health at that time.  The mere fact that she had theretofore on two occasions called upon a physician was not sufficient, in itself, to warrant the submission to the jury as to whether or not she had thus misrepresented her condition.''

''Questions and answers in an application for insurance ought to be construed liberally in favor of the insured.''  *Perry* v. *John Hancock Mutual Life-Ins. Co.,* 143 Mich. 290, 294.

The record does not show that the insured misrepresented the fact in stating in the application he had "had periodic or occasional health examinations * * * date of last—Jan. 1936 by Dr. Host."

The decree is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.