Max GROSSMAN

v.

U. S. SLICING MACHINE COMPANY, Inc.

Civ. A. No. 30668.

United States District Court
E. D. Pennsylvania.

Oct. 18, 1965.

Judgment Reversed Aug. 12, 1966.
See 365 F.2d 687.

Kramer & Harrison, Philadelphia, Pa., for plaintiff.

John B. Hannum, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This case comes before the court on the plaintiff's Motion For A New Trial. The plaintiff's main contention is that a two-page statement dated shortly after the accident should not have been admitted into evidence at the trial and that its admission was reversible error.

The two-page statement in question was not written in the plaintiff's handwriting (N.T. 70), but the plaintiff conceded that it was signed by him on page two (N.T. 68). The plaintiff specifically denied making a statement on page one attributed to him (N.T. 68) and, further, denied that the initials on page one were his (N.T. 71). The plaintiff did, however, admit that pages one and two formed a continuous document (N.T. 70, 71).

The plaintiff argues that he is entitled to a new trial since the law of Pennsylvania, properly applied to this set of facts, would not have allowed the introduction of this two-page statement in evidence without the testimony of the man who did the actual writing, the scrivener; and in this case there was no such testimony.

The real difficulty with the plaintiff's argument is that this court is not necessarily bound to follow the Pennsylvania rules of evidence. Rule 43(a) of the Federal Rules of Civil Procedure makes evidence admissible if it would be admissible under any of the legal standards specified in that rule: (1) United States statutes; (2) pre-existing rules of the United States equity courts; or (3) state rules of evidence. Judge Goodrich, in Wright v. Wilson, 154 F.2d 616, 619, 170 A.L.R. 1237 (3rd Cir. 1946), made it

clear that each of the above three "doors" should be tried and found firmly locked before evidence in a Federal Court will become inadmissible. The plaintiff contends that the State door is locked, but he has not shown that the other doors are locked also.

■ The Federal Courts do not demand that a written statement be exhaustively authenticated in order to be admissible in evidence, once it has been determined that the signature is bona fide. See In re Haydu, 105 F.Supp. 859 (E.D.N.Y.1952); Michael v. World Insurance Company, 254 F.2d 663 (6th Cir. 1958).

■ When a party denies making a statement on which his signature appears, it is incumbent on him to come forward with proof that he has been misquoted or his statement tampered with in some manner. There is no injustice in allowing the disputed document to be admitted into evidence.[1] Professor Wigmore states the rule as follows:

> "When a person is charged with executing a *signed document,* for the purposes of affecting him with certain legal consequences, the act which suffices to charge him is any act by which he adopts and makes his own the terms of the writing. It is therefore, in general, immaterial whether he has himself written the body of the document or not, if he has signed it. * * * Hence, *proof of the signature of the document is sufficient* to charge him; * * *."

VII Wigmore, Evidence, § 2134 (3rd Ed. 1940).

■■ The Federal cases cited by the plaintiff in his brief are not applicable here, since in those cases the court excluded portions of the statements that did not appear on examination to be encompassed by the signature. In the present case, Mr. Grossman signed a continuous, integrated, two-page statement. This much is admitted. If plaintiff wanted to attack his signed statement, he was free to do so. Admissibility of a document does not preclude an attack on it. Cf. O'Leary v. American Bosch Arma Corporation et al., Civil Action No. 29834 (E.D.Pa., opinion of 9/28/65). Plaintiff's counsel ably challenged the accuracy of the statement in his argument to the jury.

■ At page 12 of his brief, plaintiff contends that it was reversible error for the trial judge to charge the jury that the statement, admittedly signed by plaintiff (N.T. 181), was an admission because, in ruling on defendant's third point for charge (N.T. 176, 178 & 179–180), which concerned the effect of a prior inconsistent statement, the trial judge stated that he would explain to the jury that the rule as to a prior inconsistent statement was that it could only nullify a statement given at the trial. At that time, the trial judge was not thinking in terms of the statement being that of a party, due to the way the point for charge was worded,[2] and, hence, of substantive admissibility as an admission of a party. Neither counsel mentioned to the trial judge that the statement was an admission of a party. During the charge this became evident to the trial judge, who charged the jury both as to the effect of the statement as an admission and as a prior inconsistent statement (N.T. 206). No objection to this part of the charge was made

1. This is particularly true when, as in this case, the scrivener is present in court and can be called as a witness to testify about the facts surrounding the signing of the document (N. T. 67).

2. Defendant's third Point for Charge (Document 15), as modified at the suggestion of the trial judge, read:

"3. A witness may be discredited by evidence that at another time he made a statement inconsistent with his present testimony. As to such statement, you have a right to distrust the witness's other testimony on the subject of such statement and reject all or some of it in your consideration of his testimony on this point in this trial."

at the end of the charge, when counsel were given an opportunity to comment on the charge at sidebar (N.T. 228–231).

■ The plaintiff also objects, at page 11 of his brief, to this statement in the charge at N.T. 203:

> "We know that plaintiff, for example, admits that this statement which he signed only two days after the accident is different from what he told us here on the stand."

The brief does not quote this next sentence, which makes clear that the plaintiff denied that the statement which he signed was accurate (N.T. 203):

> "He says what he told us on the stand about how the accident happened was true, and what he signed two days after the accident was false."

The charge emphasized again at N.T. 205 that plaintiff testified that the statement was false in discussing "the effect of what we call in the law of the prior inconsistent statement of the plaintiff on the testimony which he gave here at the trial, assuming that you find that that statement is inconsistent, of course. He apparently thought it was inconsistent; at least, *he said it was false*, what he had said before. He did not attempt to reconcile what was in the statement with what he said here on the stand." (Emphasis supplied.)

Counsel for plaintiff never objected to language of the charge as indicating that plaintiff had admitted the accuracy of the contents of his statement at the end of the charge (N.T. 228–231) and the trial judge, in supplementing the charge, stated that the jury should consider all the evidence and try to reconcile it where possible (N.T. 231–2).[3]

The Motion For A New Trial will be denied. The briefs of counsel have been filed as Documents 23 and 24.

---

3. Also, the trial judge emphasized during the trial that the jurors were to follow their own memory of the testimony and not that of the trial judge (for example, N. T. 199 & 200).